IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATHANIEL SKINNER, Sr. and<br>EDWARD L. SKINNER,<br><br>      Plaintiffs,<br><br>      v.<br><br>VANESSA REED, et al.,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 23-852-RGA<br>:<br>:<br>:<br>:<br>: |

Nathaniel Skinner, Sr., Dover, Delaware – Pro Se Plaintiff.

Edward L. Skinner, New Castle, Delaware - Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 16, 2024
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiffs Nathaniel Skinner, Sr. and Edward L. Skinner appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 4). The Court proceeds to screen the Complaint (D.I. 2) pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiffs, who are Delaware residents, allege that Defendant Vanessa Reed wrongfully sold their property without their permission. They imply that some or all of their siblings agreed to the sale, but their lack of agreement rendered it fraudulent. Plaintiff additionally named Tara Reed and the "State Prothonotary Office" as Defendants. Plaintiffs allege that both Vanessa and Tara Reed are Delaware residents, and indicate that this Court has jurisdiction based on a defendant being a federal official or agency.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiffs proceeds *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less

1

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

This Court lacks subject matter jurisdiction over this matter. No Defendant is a federal employee or agency, despite Plaintiffs' indication to the contrary. There is no federal question jurisdiction because Plaintiffs bring no federal claims, *see* 28 U.S.C. § 1331, and there is no diversity of citizenship jurisdiction because all Plaintiffs and Defendants are Delaware citizens, *see* 28 U.S.C. § 1332(a). Accordingly, this case will be dismissed without prejudice.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice. An appropriate Order will be entered.